UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ALLEN GERBER, | : | CIVIL NO. **1:06-CV-01358** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| GENE FISCHI,<br>VARIOUS OTHER PRISON OFFICIALS,<br>and LUZERNE COUNTY DISTRICT<br>ATTORNEY, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On July 11, 2006, Richard Allen Gerber, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. The plaintiff has also filed an application to proceed *in forma pauperis.*

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>    **(b) Grounds for dismissal**.- On review, the
> court shall identify cognizable claims or dismiss
> the complaint, or any portion of the complaint,
> if the complaint-
>       (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be granted;
> or
>       (2) seeks monetary relief from a defendant
> who is immune from such relief.

The plaintiff names as defendants Gene Fischi, the Warden of the Luzerne County Prison; "various other prison officials"; and the Luzerne County District Attorney.  The plaintiff alleges that in January of 2005, while he was incarcerated in the Luzerne County Prison, he was subjected to excessive force during a cell extraction.  He alleges that as a result of the use of force he suffered from a concussion, bruised ribs, an eye injury, and post concussion syndrome.  The plaintiff alleges that about a week after the incident he departed the Luzerne County Prison.  He alleges that he has made attempts to obtain the names of those involved in the use of force against him but that he has been unsuccessful.  The plaintiff claims that his due process rights have been violated by the prison's unwillingness to provide him with information essential to proceed with his

2

claim.  He also claims that the district attorney's office violated his right to due process by failing to investigate the incident.  The plaintiff further claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

We conclude that the complaint fails to state a claim upon which relief may be granted against the Luzerne County District Attorney.

"In American jurisprudence 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Bayer v. Monroe County Children & Youth Services,* 3:04-CV-2505, 2005 WL 2216585 at *3 (M.D.Pa. Sept. 12, 2005)(quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)).  Thus, the plaintiff does not have standing to sue the District Attorney on the basis that the District Attorney did not investigate or prosecute those involved in the alleged use of force against him.  Moreover, the District Attorney is entitled to absolute immunity for any decision to prosecute or not to prosecute the individuals

3

involved. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Accordingly, the complaint fails to state a claim upon which relief may be granted against the Luzerne County District Attorney.

We also conclude that the complaint fails to state a claim upon which relief may be granted against Warden Fischi. The plaintiff does not allege that defendant Fischi was in any way involved in the use of force against him. Rather, the plaintiff is seeking to hold defendant Fischi liable for not providing him with information regarding the identity of those involved in the use of force against him. Although the plaintiff may have a right under Pennsylvania's Right to Know Law to obtain access to public records containing the names of those involved in the use of force, defendant Fischi does not have a constitutional or other federally established duty to provide information to the plaintiff. Accordingly, we conclude that the complaint fails to state a claim against defendant Fischi upon which relief may be granted.

The defendant has named as defendants "various other prison officials." We construe the complaint as naming the "various other prison officials" as John Doe defendants involved in the alleged use of force. The plaintiff will eventually need to identify the John Doe defendants. He can seek to obtain their identities through discovery. Also, it appears from the documents attached to the complaint that the plaintiff may be able to obtain their identities by further communications with his former attorney.

Based on the foregoing, it is recommended that defendants Fischi and the District Attorney of Luzerne County be dismissed on the basis that the complaint fails to state a claim against them upon which relief may be granted. It is further recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 19, 2006.