```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RICHARD ALLEN GERBER,         :   CIVIL NO. 1:06-CV-01358
                              :
          Plaintiff           :   (Judge Conner)
                              :
     v.                       :   (Magistrate Judge Smyser)
                              :
VARIOUS OTHER PRISON          :
OFFICIALS                     :
                              :
          Defendants          :
```

## REPORT AND RECOMMENDATION

On July 11, 2006, Richard Allen Gerber, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

The plaintiff named as defendants Gene Fischi, the Warden of the Luzerne County Prison; "various other prison officials"; and the Luzerne County District Attorney.

The plaintiff alleges that in January of 2005, while he was incarcerated in the Luzerne County Prison, he was subjected to excessive force during a cell extraction. He alleges that as a result of the use of force he suffered from a concussion, bruised ribs, an eye injury, and post concussion syndrome. The plaintiff alleges that about a week after the incident he departed the Luzerne County Prison. He alleges that he has made attempts to obtain the names of those involved in the use of force against him but that he has been unsuccessful. The plaintiff claims that his due process rights have been violated by the prison's unwillingness to provide him with information essential to proceed with his claim. He also claims that the district attorney's office violated his right to due process by failing to investigate the incident. The plaintiff further claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

By an Order dated September 28, 2006, Judge Conner dismissed the claims against defendants Fischi and the

2

Luzerne County District Attorney, dropped Fischi and the Luzerne County District Attorney as parties to this action and remanded the case to the undersigned for further proceedings.

The only remaining defendants are the "various other prison officials." We have construed the complaint as naming the "various other prison officials" as John Doe defendants involved in the alleged use of force. By an Order dated October 3, 2006, we set a deadline for the plaintiff to file an amended complaint identifying the John Does defendants. The plaintiff was ordered to file, on or before November 30, 2006, an amended complaint identifying the John Doe defendants. The plaintiff was subsequently granted extensions of time until April 23, 2007 to file an amended complaint identifying the John Doe defendants.

The plaintiff has not filed an amended complaint identifying the John Doe defendants.

The plaintiff has indicated during the course of this case that he has been unable to obtain the names of the John Doe defendants. In prior orders, the undersigned has suggested to the plaintiff that an appropriate method for the plaintiff to seek the identity of the John Doe defendants is through the use of a subpoena directed to officials of the Luzerne County Prison. *See docs. 25 & 31.* We directed the Clerk of Court to send to the plaintiff subpoenas signed by the Clerk of Court. *Id.* The plaintiff, however, was reminded that when using a subpoena he must comply with the requirements of Federal Rule of Civil Procedure 45 and that he is responsible for any costs associated with the subpoenas. *Id.*

The plaintiff has not indicated that he has attempted to obtain the names of the John Doe defendants through the use of a subpoena.

Given that the plaintiff has not filed an amended complaint identifying the John Doe defendants, it will be

4

recommended that the John Doe defendants be dismissed pursuant to Fed.R.Civ.P. 4(m).

Based on the foregoing, it is recommended that the John Doe defendants be dismissed and that the case file be closed.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated:  May 10, 2007.